IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDWARD VOGT, | No. C 11-2595 CW |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |
| v. |  |
| CITY OF ORINDA and EMMANUEL URSU, |  |
| Defendants. |  |

INTRODUCTION

Edward Vogt brings this complaint against the City of Orinda and Emmanuel Ursu. From the pleadings Plaintiff appears to claim that Defendants violated his rights under the Fifth Amendment takings clause. He requests compensation for actual damages suffered as a result of the loss of value to these properties. Defendants move to dismiss. Plaintiff opposes the motion.

BACKGROUND

On the "Civil Cover Sheet," Plaintiff checked the box indicating that this dispute involves real property. His complaint alleges that the City of Orinda "imposed illegal, arbitrary and irrational limits on my real estate (two lots) causing me great loss of value these properties." He also claims that Defendant Ursu, intentionally and with malice, blocked, delayed and hindered Plaintiff's use of the two lots. As a result of these actions, Plaintiff claims that the market value of his lots has been greatly reduced.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

2

DISCUSSION

In their motion to dismiss, Defendants understandably assume that Plaintiff is making a takings claim and argue that he did not attempt to obtain just compensation for his loss as required under Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 194 (1985). However, in his opposition Plaintiff asserts that he is actually alleging a violation of his right to equal protection under the Fourteenth Amendment.

Relying on Village of Willowbrook v. Olech, 528 U.S. 562 (2000), Plaintiff argues that his right to equal protection has been violated because Defendants made unreasonable demands of him during his attempts to make improvements on his property over the past ten years. The Supreme Court has recognized equal protection claims brought by a "class of one," where the plaintiff alleges intentional differential treatment from others similarly situated and where there is no rational basis for the difference in treatment. Olech, 528 U.S. at 564. In Olech, the plaintiff sufficiently plead a violation of equal protection where she alleged that the village had irrationally and arbitrarily required a larger easement from her than similarly situated neighbors in order to connect her to the municipal water supply.

Here Plaintiff has alleged no facts, even liberally construed, which might conceivably support either his status as a "class of one" or a claim that his right to equal protection was violated by Defendants. He does not recite the elements of such a claim. However, it is not inconceivable that Plaintiff would be able to amend the complaint to state a claim under Olech, as he asserts is his intent. In order to do this, Plaintiff must plead

3

facts that show that he was treated differently than others who were similarly situated, without a rational basis for the discrepancy. Accordingly, the complaint is dismissed with leave to amend.

Plaintiff makes reference to a violation of his right to due process. While claims of due process relating to deprivation of property are generally subsumed by the takings clause, where the government's action relating to land use "lacks any substantial relation to public health, safety, or general welfare" a claim can be made for a violation of substantive due process rights. Crown Point Dev., Inc. v. City of Sun Valley, 506 F.3d 851, 853 (2007). However, Plaintiff fails to plead facts that would support such a claim. Accordingly, to the extent that Plaintiff makes a claim for violation of substantive due process, it is dismissed with leave to amend.

Defendants argue that because Plaintiff unequivocally states that he is not asserting a takings claim, any takings cause of action should be dismissed with prejudice. Plaintiff maintains numerous times in his opposition that he not alleging any government taking of his land. Therefore the takings claim is dismissed without leave to amend.

Defendants also argue that Plaintiff's claim against the City should be dismissed because he failed to plead that any constitutional violations arose from City policy or custom, as required in cases alleging constitutional violations by public entities. Monell v. Dept. of Social Services, 436 U.S. 658, 690 (1978). In order to proceed on an amended complaint against the City, Plaintiff would have to allege facts tending to show that

4

his rights were violated as a result of an identified City policy or custom.

Defendants further contend that the claims against Defendant Ursu personally should be dismissed because he is entitled to qualified immunity. Defendant Ursu is entitled to qualified immunity unless Plaintiff can plead facts in an amended petition showing that he violated Plaintiff's clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223, 232 (2009).

Plaintiff is granted leave to amend his complaint within fourteen days so long as he can truthfully cure the deficiencies noted above.

If Plaintiff files an amended complaint, Defendants shall answer or file a motion to dismiss fourteen days thereafter. If Defendants moves to dismiss, Plaintiff's opposition shall be due seven days after the motion is filed. Any reply shall be due seven days after that. This motion will be decided on the papers.

CONCLUSION

The motion to dismiss is GRANTED with leave to amend with respect to the equal protection claim. Plaintiff may include a substantive due process claim in the amended complaint, if he truthfully can allege one. The takings claim is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: 12/6/2011

CLAUDIA WILKEN
United States District Judge

5