IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD VOGT,

    Plaintiff,

  v.

CITY OF ORINDA and EMMANUEL URSU,

    Defendants.

_____/

No. C 11-2595 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Defendants City of Orinda (the City) and Emmanuel Ursu move to dismiss Plaintiff Edward Vogt's First Amended Complaint (1AC) on the ground that he has failed to state a claim upon which relief may be granted. Plaintiff has filed an opposition and Defendants have filed a reply. The matter was taken under submission and decided on the papers. Having considered all the papers filed by the parties, the Court grants the motion to dismiss.

## BACKGROUND

On December 6, 2011, the Court issued an Order Granting Motion to Dismiss and Granting Leave to Amend (Docket No. 29), in which it held that Plaintiff had failed to allege an equal protection claim brought by a "class of one" because he had alleged no fact to support his status as a "class of one" or that his right to equal protection was violated by Defendants. The Court explained that, to state such a claim, Plaintiff must plead

facts showing that he was treated differently than others who were similarly situated to him, without a rational basis for the discrepancy. The Court also explained that, to state a claim for a violation of his right to substantive due process based on the deprivation of a property right, Plaintiff must allege that Defendants' actions lacked any substantial relation to public health, safety or the general welfare. The Court also held that, to proceed against the City, Plaintiff must allege facts tending to show that his rights were violated as a result of an identified City policy or custom and, to state a claim against Ursu personally, Plaintiff must plead that he violated Plaintiff's clearly established constitutional rights.

The following facts are from Plaintiff's 1AC and the documents of which the Court takes judicial notice.[1] In 2001, Plaintiff applied to have a "simple" lot line adjustment between his two adjoining properties located in Orinda. Defendants refused to perform what was, under California lot line adjustment law, a simple administrative approval. Instead, Defendants engaged in delaying tactics such as requesting architect's and surveyor's drawings, a full topographic survey and map, analysis of the kind of houses that might be built on the lots, photos of

---

[1] The Court grants Defendants' and Plaintiff's requests for judicial notice. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record without converting motion to dismiss into motion for summary judgment).

2

"story poles" to indicate potential house floors and gables, and indemnification in the event the City was sued for its approval of the lot line adjustment.

Plaintiff alleges that the requirements imposed by the City were in violation of California law. In 2006, Plaintiff sued the City in state court for a writ of mandate to require the City to obey the law. In 2008, the state court issued its decision holding that Plaintiff had submitted overwhelming "evidence to support [his] contention that the [Orinda City] Council sought to impose conditions on the granting of the lot line adjustment in direct contravention of Gov't Code section 66412, subdivision (d).[2] The Respondent's assertion that Petitioner 'voluntarily' took steps to obtain the water and sewer permits is disingenuous at best." Vogt v. City of Orinda, Superior Court of Contra Costa County, Case No. 6-1494, Peremptory Writ of Mandate, September 3, 2008. The court ordered the City to limit its review and approval of Plaintiff's lot line application to whether it conformed to the local general plan or any applicable specific plan, zoning or building ordinances. Id. Plaintiff alleges that, two years after the court issued this order, Defendants still had not approved the lot line adjustment and that the Council approved the request only

---

[2] California Government Code section 66412(d) exempts lot line adjustments of four and fewer existing adjoining parcels from complying with certain domestic water and sewer requirements.

3

after he threatened to sue the individuals on the Council for contempt of court.

Defendants submit a copy of Orinda City Council Resolution 24-10, an appeal of the Planning Commission's adoption of the negative declaration for approval of Plaintiff's lot line adjustment, which indicates that the Orinda City Council approved the lot line adjustment after preparing a detailed initial study and issuing a negative declaration in compliance with the California Environmental Quality Act, California Public Resources Code section 21000 et seq.

Plaintiff alleges that Defendants' requirements were arbitrary and unreasonable and were directed at Plaintiff but not at other people in the City who had, over the years, similarly asked for lot line adjustments to their properties.  Plaintiff alleges that "these examples are in the files of Orinda and will be fully revealed by later subpoena."  Plaintiff alleges that the fact that the City approved his request after he threatened to sue the City Council shows "that there was no substantial relation between defendants' land use actions and the public health, safety or general welfare."

Plaintiff also alleges that the City has a policy to keep its "semi-rural" character and this policy is the basis for its "denial of Plaintiff's constitutional and statutory rights to use and improve his property reasonably, without arbitrary constraints and bogus requirements."

4

Plaintiff alleges that Ursu is the head of the City's planning department and is responsible for the enormous delay, expense, and arbitrary requirements that the City imposed on Plaintiff for the past ten years. He alleges that Ursu enforces the City's "semi-urban" policy, even though the policy causes the City to violate federal constitutional and statutory laws. Specifically, Plaintiff alleges that Ursu refused to certify Plaintiff's papers from the City Council so that they could be recorded because Plaintiff's surveyor's stamp was out of date on the old papers but, when the surveyor said that his stamp was not out of date, Ursu certified the papers. Plaintiff also alleges that Ursu demanded that Plaintiff write a check for thousands of dollars to the City for an illegal fee, but Plaintiff paid it because he was anxious to record the lot line adjustment. Defendants submit that the fee was a mandatory filing fee required by the California Department of Fish and Game.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim,

5

the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken a true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).

## DISCUSSION

Defendants argue that, although Plaintiff's 1AC sets forth the elements of each claim, it is legally insufficient because the claims are not supported with factual allegations.

## I. Equal Protection of a Class of One

Equal protection claims brought by a "class of one" can be stated when the plaintiff alleges that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). In <u>Olech</u>, the plaintiff's allegations that the Village intentionally demanded a thirty-three foot easement as a condition of connecting her property to the municipal water supply when the Village required only a fifteen-foot easement from other similarly situated property owners, that the Village's demand was irrational and wholly arbitrary, and that the Village ultimately connected

her property after receiving a fifteen-foot easement, were sufficient to state an equal protection claim.  Id. at 565.

Plaintiff has not alleged any facts showing Defendants treated other people who are situated similarly to him differently.  To do this, Plaintiff must allege that Defendants granted other similar requests for lot line adjustments in a shorter time and with fewer requirements than in Plaintiff's case.  Plaintiff merely alleges that the names of the people who have been treated differently from him are in the City's files and he will obtain them when discovery commences.  However, under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must allege facts sufficient to show that he is entitled to relief.  See Elan Microelectionics Corp. v. Apple, Inc., 2009 WL 2972374, *1 (N.D. Cal.) (Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions).

In fact, allegations in other sections of the 1AC support the contrary conclusion.  For instance, Plaintiff alleges that the policy to keep the City semi-rural "is the basis of Orinda's reputation as being extraordinarily difficult for permits and building of any kind, and it is the basis for Orinda's denial of plaintiff's constitutional and statutory rights to use and improve his property reasonably."  According to this allegation, the City treats all requests for permits to improve property similarly to the way it treated Plaintiff's.  Furthermore, the newspaper articles Plaintiff submits in support of his opposition are

7

written by property owners who also have had to wait a long time to receive City approval for permits to improve their property. Again, this shows that the City treats people attempting to improve their property similarly to Plaintiff.

Defendants' motion to dismiss this claim is granted. Because Plaintiff has been granted leave to amend this claim and has failed to do so, it is dismissed without leave to amend.

II. Substantive Due Process Claim

Defendants argue that Plaintiff's conclusory allegations cannot meet the requirements of a substantive due process claim.

To state a substantive due process claim challenging a land use action, a plaintiff must allege that the city's delays in processing the plaintiff's application did not further any legitimate government interest. North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 485 (9th Cir. 2008); Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008). "The Supreme Court has 'long eschewed . . . heightened [means-ends] scrutiny when addressing substantive due process challenges to government regulation' that does not impinge on fundamental rights." Id. When government action "like a discrete permitting decision is at issue, only 'egregious official conduct can be said to be arbitrary in the constitutional sense;' it must amount to an abuse of power lacking any 'reasonable justification in the service of a legitimate governmental objective.'" Id. Official decisions that are based

8

on erroneous legal interpretations are not necessarily constitutionally arbitrary.  Id. at 1089.

In Shanks, the plaintiffs alleged that the city improperly granted a building permit to a third party, which caused their property to decrease in value.  Id.  The court held that the granting of a building permit to a third party was a routine, if perhaps unwise or legally erroneous decision, which fell short of being constitutionally arbitrary.  Id.  The court noted that there was no suggestion of a sudden change in course, malice, bias, pretext or anything more than a lack of due care on the city's part.  Id. at 1089.  The court also noted that it was "at least fairly debatable that Spokane rationally furthered its legitimate interest in facilitating residential housing in a residential neighborhood by issuing a building permit to the Dressels.  When reviewing a substantive due process challenge, this suffices; our task is not to balance 'the public interest supporting the government action against the severity of the private deprivation.'"  Id.

Plaintiff's allegations are, as a matter of law, insufficient to state a claim that Defendants violated his substantive due process rights.  Like the plaintiffs in Shanks, Plaintiff alleges that Defendants made a routine decision regarding approval of his request for a lot line adjustment.  Even if Defendants' application of the law was legally erroneous, under Shanks, this does not rise to the level of a due process violation.

9

Furthermore, Plaintiff himself alleges that Defendants were motivated by a desire to maintain Orinda's semi-rural character, thus providing a rational governmental interest to support their actions.  As stated in Shanks, it is not the Court's task, in a substantive due process claim, to balance the public interest supporting the government action against the severity of the private deprivation.  It is sufficient that there is a legitimate governmental interest that is rationally related to Defendants' action.  And, as in Shanks, Plaintiff does not suggest that Defendants acted out of malice, bias, pretext or anything more than a lack of due care.

Therefore, Defendants' motion to dismiss this claim is granted.  Because Plaintiff has been granted leave to amend this claim and has failed to remedy its deficiencies, dismissal is without leave to amend.

Because Plaintiff has not alleged facts sufficient to state claims of constitutional violations against Defendants, the Court does not address Defendants' arguments that these claims must be dismissed against the City for not stating a policy or practice and against Ursu for not alleging unconstitutional conduct. Furthermore, because Plaintiff has not sufficiently alleged constitutional violations, his request for an injunction "ordering Defendants to cease obstructing my legal requests and to act in good faith toward me and to treat me in the future legally and reasonably and like any other property owner" is denied.

10

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's 1AC is granted. Dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: 5/2/2012

CLAUDIA WILKEN
United States District Judge